IN THE MATTER OF: Daniel Glenn Griffin, Juvenile

No. COA02-1592

(Filed 3 February 2004)

**Juveniles— delinquency—first-degree sexual offense—fatal variance between petition and evidence**

The Court of Appeals exercised its discretionary authority under N.C. R. App. P. 2 and determined that a juvenile order adjudicating respondent a delinquent for commission of first-degree sexual offense and the subsequent dispositional order should be vacated because a fatal variance existed between the juvenile petition and the evidence upon which respondent was adjudicated delinquent, including that: (1) the petition alleged only sexual offense by force against the victim's will; (2) there was no evidence presented at the adjudicatory hearing which tended to show respondent committed forcible sexual offense; and (3) the hearing transcript indicates the trial court adjudicated respondent a juvenile first-degree sex offender based on the respective ages of respondent and the victim, despite the petition's failure to allege either the victim's age or the difference in age between respondent and the victim.

Appeal by respondent from juvenile adjudication order entered 12 February 2002 by Judge Shirley H. Brown in Buncombe County District Court and from juvenile disposition order entered 14 June 2002 by Judge Bradley B. Letts in Haywood County District Court. Heard in the Court of Appeals 28 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Neil Dalton, for the State.*

*James L. Goldsmith, Jr. for respondent-appellant.*

IN RE GRIFFIN

[162 N.C. App. 487 (2004)]

*Appellate Defender Staples Hughes and Assistant Appellate Defender Matthew D. Wunsche, amicus curiae.*

ELMORE, Judge.

Daniel Glenn Griffin (respondent) appeals from juvenile orders adjudicating him delinquent for commission of first-degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4, and imposing a probationary sentence. Respondent brings forth a single assignment of error, asserting the trial court erred by denying his motion to suppress a statement respondent gave to the detective investigating this case. However, we do not address this issue because we conclude that a fatal variance existed between the juvenile petition filed herein and the evidence upon which respondent was adjudicated delinquent, in that (1) the petition alleged *only* sexual offense "by force against the victim's will;" (2) there was no evidence presented at the adjudicatory hearing which tended to show respondent committed *forcible* sexual offense; and (3) the hearing transcript indicates the trial court adjudicated respondent a juvenile first-degree sex offender based on the respective *ages* of respondent and the victim, despite the petition's failure to allege either the victim's age or the difference in age between respondent and the victim. This fatal variance between the juvenile petition and the evidence upon which respondent was adjudicated delinquent compels us to vacate the adjudication and disposition orders.

Evidence presented at the adjudicatory hearing tended to show that respondent, who was then twelve years old, respondent's sixteen-year-old half-brother, and the victim, then four, spent the weekend of 10 November 2000 at their grandmother's home. Respondent and the victim were cousins. The victim's mother testified that upon returning home, the victim told her that respondent "stuck his [penis] in [the victim's] butt." Respondent's half-brother testified that on the weekend in question he heard the victim say respondent had "licked [the victim's penis] and stuck [respondent's penis] in [the victim's] butt." Dr. Cindy Brown examined the victim on 13 November 2000 and noted redness around his anal opening, which she testified was "consistent with penetration" but could also be caused by poor hygiene. During an interview with Detective Preston Hunnicutt of the Buncombe County Sheriff's Department on 16 November 2000, respondent stated that he "licked [the victim] on his private" and "stuck [respondent's] private in [the victim's] butt."

**IN RE GRIFFIN**

[162 N.C. App. 487 (2004)]

On or about 1 October 2001, a juvenile petition was filed seeking adjudication of respondent as delinquent pursuant to N.C. Gen. Stat. § 7B-1501(7) (2003). The petition alleged only that on or about 10 November 2000, in Buncombe County, respondent, then 12 years old, "unlawfully, willfully, and feloniously engage[d] in a sex offense with [the victim] by force against the victim's will." At the adjudicatory hearing on 12 February 2002, after the close of the State's evidence, the following exchange took place between respondent's trial counsel, the prosecutor, and the trial court:

BY MR. WILLIAMS [Respondent's trial counsel]:

Your Honor, at this time I would like to make a motion to dismiss. . . . Having reviewed the juvenile petition, it is clear that the—it clearly states . . . that the juvenile Daniel Griffin did unlawfully and willfully engage in a sex offense with [the victim] by force against the victim's will. The petition alleges force, and I don't believe the Court can find any evidence as to force that has been presented on record this morning or this afternoon.

. . . .

BY THE STATE:

Your Honor . . . . Guilty of first degree sex offense is (inaudible) who is a child under the age of 13—and if he's 12 years old, he's four years older than the victim—(inaudible). The statute is clear, 14-27.4, also in terms of amending a petition when it does not change the nature of offense [sic] alleged. (Inaudible) It does not change the nature of the offense as alleged. . . . This case petition is valid. There is no error in the petition.

. . . .

BY THE COURT:

Are you making a motion to amend the petition at this time?

BY THE STATE:

If that's the case, the State would amend just the language that said "with [the victim]." We would delete "by force against the victim's will" in terms of that case, Judge. But in terms of—in 70.2400, the amendment—the petition could be amended when the amendment does not change the nature of the offense alleged. (Inaudible) In this case it does not change the nature of the offense.

**IN RE GRIFFIN**

[162 N.C. App. 487 (2004)]

BY THE COURT:

> Nor does it seem to change the—I mean, he had notice all along that this is what the offense was concerning.

BY THE STATE:

> The offense was concerning 14-27.4, first degree sexual offense. It's an "or." It's not an "and." So the State does not have to elect to proceed under one or the other. It could go with both. . . .
>
> . . . .

BY MR. WILLIAMS:

> . . . . There are two theories refined in [N.C. Gen. Stat. § 14-27.4]. One is—one concern is age. I'll point out in the petition there is nothing as to [the victim's] age representing [sic] therein. . . . There hasn't been one iota of evidence presented that any force was used. . . . The petition should [be] dismissed.

BY THE COURT:

> Are you telling me that until today when the case went for trial that you had no idea the victim was a four-year-old child and a cousin of your client? Is that what you're telling me? You keep talking about no notice. . . . So you're not—you're acknowledging that you had discovery and information about this case, that it involved a four-year-old child?

BY MR. WILLIAMS:

> I'm just—I'm just asking the Court to take notice of the procedures.

BY THE COURT:

> And I'm asking you a question. Did you have notice that it involved a four-year-old child?

BY MR. WILLIAMS:

> We certainly had cause to believe that it was a four-year-old child.

BY THE COURT:

> Did you have—did you receive any discovery from the State such as a C and E and your client's statement and statements made by other?

**IN RE GRIFFIN**

[162 N.C. App. 487 (2004)]

BY MR. WILLIAMS:

Yes.

BY THE COURT:

Okay. Your motion to dismiss is denied. Will there be evidence for your client?

. . . .

After respondent declined to present any evidence, the trial court again denied respondent's renewed motion to dismiss and proceeded to hear the State's closing argument, as follows:

BY THE STATE:

. . . . I'll argue first in this case, Judge, there are instructions on this offense. . . . First, the defendant engages in a sexual act with the victim. . . . Second, (inaudible) the victim was a child under the age of 13. Third, at the time the defendant—in this case the juvenile defendant was at least 12 years old and was four years older than the victim. In this case, Judge, we have— every element has been satisfied in this case. . . . Under 14.27.41 [sic], a sexual act has occurred with a victim who is a child under the age of 12 and a defendant—excuse me—a juvenile of at least 12 years old and at least four years older than—that's the evidence from the State, Judge. . . . The fact that the sexual offense of someone that is 12 years old uses his influence over a person who's four is why our statutes have these types of laws in them. . . . The State would ask you to find him delinquent beyond a reasonable doubt.

. . . .

Thereafter, the trial court ruled from the bench as follows:

BY THE COURT:

. . . . In this matter, after hearing all of the evidence and arguments of counsel, this Court finds beyond a reasonable doubt that on November 10, 2000, Daniel Griffin, who was then a 12-year-old child having a date of birth of 9-2-88, did commit a sex offense upon the body of [the victim], who was a four-year-old child having a date of birth 9-16-96, the sex offense consisting of licking the private part of that child as well as penetrating the

anus of that child with his penis, and adjudicates him delinquent by reason of committing a first degree sexual offense. . . .

. . . .

By written order entered the same day as the adjudicatory hearing, using the "Juvenile Adjudication Order" form promulgated by the Administrative Office of the Courts, the trial court made the following findings of fact and conclusions of law:

> That the juvenile through his attorney denies the allegations alleged in the petition filed October 1, 2001. The Court finds after hearing the evidence presented that the juvenile did commit the act alleged and finds him to be delinquent by reason of felony sex offense in violation of G.S. 14-27.4, felony class B1.

From this order and the subsequent disposition order entered 14 June 2002, respondent appeals.

---

At the outset we note that respondent, by choosing to assign error only to the trial court's denial of his motion to suppress respondent's statement to Detective Hunnicutt, has not raised on appeal the issue of whether a fatal variance existed between the petition and the evidence upon which respondent was adjudicated delinquent. This issue has instead been presented by the Appellate Defender's *amicus curiae* brief, the filing of which was authorized by N.C.R. App. P. 28(i) and allowed by this Court's 10 October 2003 order. While N.C.R. App. P. 10(a) provides that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal," we are mindful that N.C.R. App. P. 2 vests this Court with the authority to "suspend or vary the requirements or provisions of any of [the Rules of Appellate Procedure] in a case pending before it upon application of a party or upon its own initiative" in order "[t]o prevent manifest injustice to a party[.]" In light of the potential for manifest injustice if the issue raised by the Appellate Defender's *amicus* brief—i.e., whether there existed a fatal variance between the petition's allegations and the evidence presented at the adjudication hearing, such that respondent was adjudicated delinquent for commission of a crime that was not properly charged in the petition—is not addressed, we hereby exercise our authority pursuant to N.C.R. App. P. 2 and consider the "fatal variance" issue.[1]

---

1. We note that the certificate of service accompanying the *amicus* brief indicates a copy was properly served upon the assistant attorney general represent-

"Notice must be given in juvenile proceedings which would be deemed constitutionally adequate in a civil or criminal proceeding; that is, notice must be given the juvenile and his parents sufficiently in advance of scheduled court proceedings to afford them reasonable opportunity to prepare, and the notice must set forth the alleged misconduct with particularity." *State v. Drummond*, 81 N.C. App. 518, 520, 344 S.E.2d 328, 330 (1986) (quoting *In re Burrus*, 275 N.C. 517, 530, 169 S.E.2d 879, 887 (1969)). We have previously stated that a valid bill of indictment is necessary in order to properly obtain jurisdiction over a criminal defendant charged with a felony. *State v. Poole*, 154 N.C. App. 419, 422, 572 S.E.2d 433, 436 (2002), *cert. denied*, 356 N.C. 689, 578 S.E.2d 589 (2003). N.C. Gen. Stat. § 14-27.4(b) (2003) provides that any person who commits a first-degree sexual offense "is guilty of a Class B1 felony." The pleading in felony cases is an indictment, unless there is a waiver, in which case the pleading is an information. *See* N.C. Gen. Stat. § 15A-923(a) (2003). "A criminal pleading must contain . . . . [a] plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a)(5) (2003). Similarly, the petition in a juvenile action serves as the pleading, *see* N.C. Gen. Stat. § 7B-1801 (2003), and a petition alleging delinquency must "contain a plain and concise statement . . . asserting facts supporting *every element* of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the *conduct which is the subject of the allegation*." N.C. Gen. Stat. § 7B-1802 (2003) (emphasis added). Therefore, a petition in a juvenile action serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged.

As noted above, the juvenile petition in the present case alleged only that respondent, then 12 years old, "unlawfully, willfully, and feloniously engage[d] in a sex offense with [the victim] by force against the victim's will." Pursuant to N.C. Gen. Stat. § 14-27.4,

---

ing the State on appeal, and that the State, though permitted by our appellate rules to do so, chose not to file a reply brief to the *amicus* brief. *See* N.C.R. App. P. 28(i) ("Reply briefs of the parties to an amicus curiae brief will be limited to points or authorities presented in the amicus curiae brief which are not presented in the main briefs of the parties.")

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim; or

(2) With another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

b. Inflicts serious personal injury upon the victim or another person; or

c. The person commits the offense aided and abetted by one or more other persons.

N.C. Gen. Stat. § 14-27.4(a) (2003).

After a thorough review of the record and transcript, we conclude that the State has failed to bring forth any evidence that respondent "engage[d] in a sex offense with [the victim] by force against the victim's will," as alleged in the juvenile petition. There was simply no evidence presented that respondent either used or threatened physical force against the victim, as is required for conviction of first-degree sexual offense under N.C. Gen. Stat. § 14-27.4(a)(2). Instead, we conclude from our examination of the transcript that the State's contention that respondent committed first-degree sex offense was based entirely on the *relative ages* of respondent and the victim, as provided in N.C. Gen. Stat. § 14-27.4(a)(1). Where the illegality of sexual activity is based upon the relative ages of the parties, age is an essential element of the offense. *State v. Locklear*, 138 N.C. App. 549, 531 S.E.2d 853, *disc. review denied*, 352 N.C. 359, 544 S.E.2d 553 (2000). A juvenile petition which purports to charge first-degree sexual offense based on the ages of the parties is fatally defective if it does not allege the ages of both the victim and the defendant. *In re Jones*, 135 N.C. App. 400, 409, 520 S.E.2d 787, 792 (1999). As noted above, the petition in the present case contained no allegations as to the victim's age or the difference in age between respondent and the victim.

The juvenile adjudication order which is the subject of this appeal states, in broad terms, that the trial court "finds [respondent]

to be delinquent by reason of felony sex offense in violation of G.S. 14-27.4, felony class B1." However, we conclude from our examination of the hearing transcript that the trial court determined respondent committed a first-degree sexual offense based solely on the relative ages of respondent and the victim, rather than, as alleged in the petition, on use of force by respondent to overcome the victim's will. The trial court denied respondent's motion to dismiss after establishing that respondent's trial counsel was aware of the victim's age. Moreover, the trial court's oral ruling from the bench contained specific findings regarding the ages of both respondent and the victim, but lacked any findings concerning use of force by respondent.

For the reasons stated above, the juvenile order adjudicating respondent delinquent and the subsequent dispositional order are vacated.

Vacated.

Judges WYNN and TIMMONS-GOODSON concur.