**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

IN THE MATTER OF: S.R.S.

No. COA06-47

(Filed 7 November 2006)

**1. Juveniles— petition—defects jurisdictional—raised at any time**

A juvenile petition serves essentially the same function as an indictment in a felony prosecution and is held to the same standards. Fatal defects in an indictment or a juvenile petition are jurisdictional and may be raised at any time.

**2. Juveniles— petition—communicating threats—sufficiency**

A juvenile petition was not fatally defective where it charged the juvenile with communicating threats with initial language that the juvenile had threatened a person and her property, and subsequently and more specifically described only a threat to the person. The juvenile had notice of the precise statutory provision he was being charged under, as well as the precise conduct alleged to be a violation, he had notice sufficient for mounting a defense and can show no unfair prejudice, and the petition was specific enough to allow the court to enter a finding of delinquency and to alleviate any double jeopardy concerns.

**3. Threats— communicating—sufficiency of evidence**

There was sufficient evidence that a juvenile communicated a threat where the juvenile was looking at the victim when he threatened to kill her daughter, he had to be restrained from coming into the school hallway where she was standing, and she testified that the victim had been involved in prior incidents with her daughter that caused her to take the threats seriously.

**4. Juveniles— probation—conditions—delegation of authority**

The holding in *In re Hartsock*, 158 N.C. 287, was persuasive and applicable to a juvenile's order of probation under N.C.G.S. § 7B-2506(8), and to the underlying conditions of probation under N.C.G.S. § 7B-2510. The condition that the juvenile abide by any rules set by the court counselor and his parents does not vary substantially from that allowed by the statute and is valid. However, the trial court impermissibly delegated its authority by imposing the conditions that the juvenile cooperate with any out of home placement deemed necessary or arranged

**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

by the court counselor, and that he cooperate with any assessments and counseling recommended by the counselor.

Appeal by respondent-juvenile from the order entered 23 September 2005 by Judge Scott C. Etheridge in Randolph County District Court. Heard in the Court of Appeals 13 September 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Meredith Jo Alcoke, for the State.*

*Michelle FormyDuval Lynch, for respondent-juvenile.*

JACKSON, Judge.

On 21 April 2005, Cindy Walker ("Walker"), a teacher at Hopewell Elementary School in Trinity, North Carolina, was walking down the hall of the school when she heard a commotion coming from one of the classrooms. As she neared the classroom, Walker saw S.R.S. ("juvenile") standing in the doorway of the room, being prevented from entering the hallway by a teacher. The juvenile proceeded to shout at Walker, stating that "I'm going to kill your fucking daughter," and "I'm going to bring a gun to school tomorrow and kill your fucking daughter." Walker testified that she knew the juvenile was talking to her, as he was looking directly at her. Walker stated that she took the juvenile seriously based on past incidents between the juvenile and Walker's daughter. Walker reported the threats to school officials, who in turn reported the threats to the School Resource Officer.

On 22 April 2005, a Juvenile Petition was filed alleging the juvenile had committed the misdemeanor offense of communicating threats. The juvenile was found delinquent following a 19 September 2005 adjudication hearing, and was placed on twelve months of supervised probation following a disposition hearing on the same date. The juvenile appeals from the adjudication and disposition.

We begin by noting that the juvenile presents arguments as to only three of his eight assignments of error listed in the record on appeal. Therefore, the five assignments of error for which no argument has been presented are deemed abandoned. N.C. R. App. P. 28(b)(6) (2006).

[1] The juvenile contends the juvenile petition charging him with communicating threats was fatally defective, in that it failed to properly allege all of the essential elements of the offense charged. The State contends that our review of this issue should be for plain error

**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

only, as the juvenile failed to raise this issue before the lower court. However, it is well established that fatal defects in an indictment or a juvenile petition are jurisdictional, and thus may be raised at any time. *See State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981); *In re R.P.M.*, 172 N.C. App. 782, 787, 616 S.E.2d 627, 631 (2005). Therefore, we review the juvenile's argument on this issue to determine if the juvenile petition was in fact fatally defective.

In a juvenile delinquency action, the juvenile petition "serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged." *In re Griffin*, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004). " 'When a petition is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court.' " *In re B.D.W.*, 175 N.C. App. 760, 761, 625 S.E.2d 558, 560 (2006) (quoting *In re J.F.M. & T.J.B.*, 168 N.C. App. 143, 150, 607 S.E.2d 304, 309, *appeal dismissed and disc. review denied*, 359 N.C. 411, 612 S.E.2d 320 (2005)); *R.P.M.*, 172 N.C. App. at 787-88, 616 S.E.2d at 631. " 'Because juvenile petitions are generally held to the standards of a criminal indictment, we consider the requirements of the indictments of the offenses at issue.' " *B.D.W.*, 175 N.C. App. at 761, 625 S.E.2d at 560.

**[2]** Although an indictment must give a defendant notice of every element of the crime charged, the indictment need not track the precise language of the statute. "[A]n indictment which avers facts which constitute every element of an offense does not have to be couched in the language of the statute." *State v. Hicks*, 86 N.C. App. 36, 40, 356 S.E.2d 595, 597 (1987). An indictment need not even state every element of a charge so long as it states facts supporting every element of the crime charged. *State v. Jordan*, 75 N.C. App. 637, 639, 331 S.E.2d 232, 233 (1985). North Carolina General Statutes, section 15A-924(a)(5) (2005) requires that a criminal pleading set forth "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts support-ing every element of a criminal offense and the defendant's com-mission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." *Id.*

Our courts have recognized that while an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form.

**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

> [I]t is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime.

*Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731.

In the instant case, the juvenile was charged with communicating threats, in violation of North Carolina General Statutes, section 14-277.1. Pursuant to section 14-277.1, an individual commits the misdemeanor of communicating threats when:

(1) He willfully threatens to physically injure the person *or* that person's child, sibling, spouse, *or* dependent *or* willfully threatens to damage the property of another;

(2) The threat is communicated to the other person, orally, in writing, or by any other means;

(3) The threat is made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and

(4) The person threatened believes that the threat will be carried out.

N.C. Gen. Stat. § 14-277.1(a) (2005) (emphasis added). The juvenile's petition alleged the following:

> The juvenile is a delinquent juvenile as defined by G.S. 7B-1501(7) in that on or about the date of alleged offense shown above and in the county named above the juvenile did unlawfully and willfully threaten to physically injure the person and damage the property of:
>
> (name person) <u>Cindy Walker</u>
>
> The threat was communicated to the person in the following manner (describe):
>
> <u>by orally stating to the victim several times "I'm going to bring a gun to school and kill your fucking daughter."</u>
>
> and the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat

was likely to be carried out and the person believed that the threat would be carried out.

The juvenile contends the petition is fatally defective in that it alleges the juvenile threatened to injure the person *and* property of Walker, whereas the specific statement alleged to be the actual threat referred only to injury to Walker's daughter. The juvenile argues that the allegation that he "did unlawfully and willfully threaten to physically injure the person *and* damage the property", is the fatal defect which causes the petition to fail to properly allege the offense of communicating threats. He contends therefore that his adjudication as delinquent, and subsequent disposition, should be vacated.

Here, the juvenile petition charged the juvenile with communicating threats, and correctly identified the applicable statute, North Carolina General Statutes, section 14-277.1. It correctly named the victim, and described precisely the actual threat that was the basis of the charge. Accordingly, we hold the juvenile received sufficient notice of the charge against him.

The juvenile was placed on notice of the particular statute he was accused of violating, and was given the corresponding statute number. The only ground for potential confusion was the petition's stating, "[T]he juvenile did unlawfully and willfully threaten to physically injure the person and damage the property of . . . Cindy Walker." This, if left uncured, would render the juvenile petition fatally defective in that it would seem to accuse the juvenile of both threatening the victim *and* threatening to damage the victim's property. Also problematic is the fact that the petition initially accused the juvenile of threatening injury to the person of the victim, when the juvenile actually was charged with threatening the victim's child. But the statute makes clear that threatening the victim's child is treated the same as threatening the victim's person. N.C. Gen. Stat. § 14-277.1 (2005).

Further, any confusion created by the first paragraph of the petition was cleared up by the subsequent paragraph setting forth the precise conduct forming the basis of the charge. As such, the totality of the circumstances demonstrate that the juvenile had notice of the precise statutory provision he was being charged under, as well as the precise conduct that was alleged to be a violation of the statutory provision. The juvenile therefore had notice sufficient to allow him to mount a defense to the charge, and he can show no unfair prejudice or danger of unfair prejudice from the defective first paragraph. Also, the petition was specific enough to allow the trial court to enter judg-

ment upon a finding of delinquency and to alleviate any concerns with respect to double jeopardy. This is all that is required of an indictment. *State v. Jones*, 110 N.C. App. 289, 291, 429 S.E.2d 410, 411-12 (1993) (quoting *State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973)). This also is all that is required of a juvenile petition. As the juvenile's petition was not fatally defective, we hold the juvenile's assignment of error is overruled.

**[3]** Next, the juvenile contends the trial court erred in denying his motion to dismiss at the close of all of the evidence. The juvenile argues the State failed to introduce evidence establishing that the juvenile made the statement in a manner or circumstance which would cause a reasonable person to believe that the threat was likely to be carried out.

To withstand a juvenile's motion to dismiss based on an insufficiency of the evidence, the State must present substantial evidence of each element of the offense alleged. *In re Bass*, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985). "Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (citing *State v. Patterson*, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994)). In ruling upon a motion to dismiss, the trial court considers the evidence in the light most favorable to the State, and affords the State the benefit of every reasonable inference of fact which may be drawn from the evidence. *Id.*

The juvenile contends that because there was no evidence presented showing that the juvenile had a violent temper or that he had ever injured anyone, then there was not any evidence which would lead to the logical conclusion that Walker was reasonable in her belief that the juvenile would carry through with his threat. The juvenile also argues that there was insufficient evidence showing that Walker believed that the threat actually would be carried out. We disagree. We hold the evidence presented was sufficient to support a finding that the manner and circumstances surrounding juvenile's threat would cause a reasonable person to believe that the threat was likely to be carried out, and that Walker actually believed the threat was likely to be carried out.

Walker testified at the juvenile's adjudication that she had known the juvenile for several years, and that he previously had been involved in incidents with Walker's daughter which caused Walker to take the juvenile's threat seriously. When the juvenile made the

**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

threat, he was not only looking directly at Walker, but he had to be physically prevented from coming into the hall. Walker testified that in the past, the juvenile had chased Walker's daughter down the hall and knocked her into a wall after her daughter told the juvenile that he was not supposed to be in the hall. Based upon Walker's testimony regarding her past history with the juvenile, we hold there was sufficient evidence which would lead a reasonable mind to conclude that the manner and circumstances surrounding the juvenile's threat were such that it was reasonable for Walker to believe that the threat would be carried out, and that Walker did in fact believe the threat was likely to be carried out. The juvenile's assignment of error is overruled.

[4] Finally, the juvenile contends the trial court erred in ordering the juvenile to comply with the following special conditions of his probation:

(b)   That the juvenile abide by any rules set out by the Court Counselor and the juvenile's parents, including, but not limited to, curfew rules and rules concerning those with [whom] he may or may not associate.

. . . .

(f)   That the juvenile cooperate with any out of home placement if deemed necessary, or if arranged by the Court Counselor, including, but not limited to, a wilderness program.

. . . .

(m)   That the juvenile cooperate with any counseling recommended by the Court Counselor.

. . . .

(p)   That the juvenile cooperate with any counseling or assessment recommended by the Court Counselor.

We note initially that the juvenile's disposition order which placed the juvenile on twelve months of supervised probation was entered on 23 September 2005. As counsel for the juvenile has failed to notify this Court of the actual starting date of the juvenile's probation, and the trial court properly found that it was without authority to stay the dispositional order pending the juvenile's appeal, this Court is left to assume that the juvenile's term of probation has since expired. *See* N.C. Gen. Stat. § 7B-2510(c) (2005) ("An order of probation shall

**IN RE S.R.S.**

[180 N.C. App. 151 (2006)]

remain in force for a period not to exceed one year from the date entered."). Similarly, neither party has submitted anything to this Court indicating that the juvenile's probation has been extended. Thus, due to the passage of time, the juvenile's appeal on this issue has become moot, as he has likely been released from his term of probation.

However, in the interest of justice, we address the substance of the juvenile's assignment of error on the precaution that the juvenile's probation term was extended and has not expired.

The juvenile argues that these special conditions of his probation violate this Court's holding in *In re Hartsock*, 158 N.C. App. 287, 580 S.E.2d 395 (2003), in which we held that a trial court may not delegate or vest its discretion in another person or entity, and that "the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile." *Id.* at 292, 580 S.E.2d at 399. In *Hartsock*, the trial court ordered that a delinquent juvenile "cooperate with placement in a residential treatment facility if deemed necessary by MAJORS counselor or Juvenile Court Counselor." *Id.* at 289, 580 S.E.2d at 397. This Court held that in so ordering, the trial court "improperly delegated its authority to 'order the juvenile to cooperate with placement in a residential treatment facility,' " and therefore reversed this portion of the trial court's order. *Id.* at 292, 580 S.E.2d at 399.

Although *Hartsock* dealt with a trial court's discretion to determine dispositional alternatives pursuant to North Carolina General Statutes, section 7B-2506, the instant case involves a trial court's determination of a juvenile's conditions of probation pursuant to section 7B-2510. Section 7B-2506 details the dispositional alternatives which a trial court may use, one of which is that the trial court may "[p]lace the juvenile on probation under the supervision of a juvenile court counselor, as specified in G.S. 7B-2510." N.C. Gen. Stat. § 7B-2506(8) (2005). Thus, while our holding in *Hartsock* dealt solely with the trial court's discretion in ordering dispositional alternatives pursuant to section 7B-2506, we find it to be persuasive and applicable also to a trial court's order of probation pursuant to section 7B-2506(8), and the underlying conditions of that term of probation, which are governed by section 7B-2510.

The first condition of probation challenged by the juvenile states "[t]hat the juvenile abide by any rules set out by the Court Counselor and the juvenile's parents, including, but not limited to, curfew rules

IN RE S.R.S.

[180 N.C. App. 151 (2006)]

and rules concerning those with [whom] he may or may not associate." Section 7B-2510(a)(3) specifically provides that one of the conditions of probation which a trial court may impose is "[t]hat the juvenile shall not violate any reasonable and lawful rules of a parent, guardian, or custodian." N.C. Gen. Stat. § 7B-2510(a)(3) (2005). As the condition imposed by the trial court does not vary substantially from that allowed per the statute, we hold the condition is valid, and the trial court did not err in imposing it.

The juvenile next challenges the condition that he "cooperate with any out of home placement if deemed necessary, or if arranged by the Court Counselor, including, but not limited to, a wilderness program." As the language of this condition is substantially similar to that in *Hartsock* which we held was an impermissible delegation of the trial court's authority, we therefore hold this condition too constitutes an impermissible delegation of authority. *See Hartsock*, 158 N.C. App. at 289, 580 S.E.2d at 397; *compare*, *In re M.A.B.*, 170 N.C. App. 192, 194-95, 611 S.E.2d 886, 888 (2005) (order that juvenile was to "cooperate and participate in a residential treatment program *as directed* by court counselor or mental health agency" was not an improper delegation of the trial court's authority, as "[t]he determination of whether M.A.B. would participate in a residential treatment program was made by the trial court, but the specifics of the day-to-day program were to be directed by the Juvenile Court Counselor or Mental Health Agency.") (emphasis in original). The record before us fails to include any recommendation by the Court Counselor indicating that an out-of-home placement of any kind was recommended or may be necessary. Thus, if the trial court felt the juvenile was in need of an out-of-home placement or participation in a wilderness program, the trial court was in the position to order such, and should not have delegated this authority to the Court Counselor. This condition of the juvenile's probation therefore is reversed, provided that the issue is not moot due to the expiration of the juvenile's term of probation.

The final conditions of probation challenged by the juvenile are substantially similar in that they order the juvenile to cooperate with any counseling recommended by the Court Counselor, and also to comply with any assessments recommended by the Court Counselor. The record before us contains a "Juvenile-Family Data Sheet" which contains details regarding the juvenile, his family, his educational, medical, and psychological background, along with his juvenile delinquency court history. The report, which is signed by the Court

Counselor, recommends the juvenile be ordered to "[c]ooperate with any counseling or assessment recommended by court counselor." However, the report fails to indicate what type of counseling or assessment the juvenile may need—psychological, educational, or for substance abuse. As with the prior condition, if the trial court wished to order the juvenile to participate in a specific type of counseling or receive particular types of assessments, the condition should have specified the details of such counseling or assessments. Therefore, we hold this condition, without a more specific statement regarding the type of counseling or assessment the juvenile was to cooperate with, constitutes an impermissible delegation of the trial court's authority, and as such must be reversed. These conditions of probation therefore are reversed, provided that the issue is not moot due to the expiration of the juvenile's term of probation.

Affirmed in part, reversed in part.

Judges CALABRIA and GEER concur.