IN THE MATTER OF: K.J.H.
No. COA07-283
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Roy Cooper, Attorney General, by Bertha L. Fields, Assistant Attorney General, for the State.
Russell J. Hollers, III, for juvenile-appellant.
MARTIN, Chief Judge.
K.J.H., a juvenile, appeals from a final order adjudicating him delinquent for the following serious Class H felony offenses: (1) possession of a stolen motor vehicle in violation of N.C.G.S. § 20-106; and (2) speeding to elude arrest in violation of N.C.G.S. § 20-141.5.
According to the record, two juvenile delinquency petitions were sworn against K.J.H. on 3 October 2006 which read as follows:
*LARCENY OF MOTOR VEHICLE*
THE DELINQUENT JUVENILE WAS IN POSSESSION OF A RECENTLY STOLEN FORD TAURUS OWNED BY PRESON FOSTER JR OF 2400-C S HOLDEN RD GREENSBORO, NC. THE DELINQUENT JUVENILE WAS IN VIOLATION OF G.S. 20-106
*FELONY SPEEDING TO ELUDE ARREST*
THE DELINQUENT JUVENILE FELONIOUSLY SPEEDED [sic] TO ELUDE ARREST BY TRAVELING IN EXCESS OF 100 MPH IN A 35 MPH ZONE, CONSUMED AN IMPAIRING SUBSTANCE AND RECKLESS[sic] DROVE AS PROSCRIBED BY G.S. 20-140. THE DELINQUENT JUVENILE WAS IN VIOLATION OF G.S. 20-141.5(D)
On 16 October 2006, K.J.H. appeared before the district court and admitted the allegations contained in the two petitions in the presence and with the advice of his counsel and his mother. The district court determined that the juvenile had five delinquency history points and a "high" delinquency history level, and so entered a Juvenile Level 3 Disposition and Commitment Order committing K.J.H. to a youth development center for an indefinite commitment not to exceed thirty monthsthe maximum adult sentenceor his eighteenth birthday.
The juvenile presents arguments addressing two out of the six assignments of error contained in the record on appeal. The four remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(a) (2007) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned.").
K.J.H. contends the district court erred in adjudicating him delinquent on the charges of possession of a stolen motor vehicle and speeding to elude arrest because the juvenile petitions failed to allege all of the essential elements of each offense charged and so were fatally defective. "[I]t is well established that fatal defects in an indictment or a juvenile petition are jurisdictional, and thus may be raised at any time." In re S.R.S., 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006) (citing State v. Sturdivant, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981); In re R.P.M., 172 N.C. App. 782, 787, 616 S.E.2d 627, 631 (2005)); see also N.C. Gen.Stat. § 15A-952(d) (2005) ("Motions [in adult criminal proceedings] concerning jurisdiction of the court or the failure of the pleading to charge an offense may be made at any time."). This Court has also concluded that a petition in a juvenile action "serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged." In re Griffin, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004). Therefore, "[w]hen a [juvenile] petition[or an adult criminal indictment]is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court." In re J.F.M., 168 N.C. App. 143, 150, 607 S.E.2d 304, 309 (2005) (citing In re Green, 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984)).
For a juvenile petition to be deemed sufficient and, therefore, not fatally defective, it must satisfy the requirements set forth in N.C.G.S. § 7B-1802, which provides:
A petition in which delinquency is alleged shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation.
N.C. Gen. Stat. § 7B-1802 (2005). "The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." State v. Greer, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953). Alternatively, "'[i]t is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended.'" State v. Snyder, 343 N.C. 61, 66, 468 S.E.2d 221, 224 (1996) (quoting State v. Coker, 312 N.C. 432, 435, 323 S.E.2d. 343, 346 (1984)). However, regardless of the approach, "[t]he authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." Greer, 238 N.C. at 327, 77 S.E.2d at 919 (emphasis added).
The purpose for these requirements is:
(1) [to provide] such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case.
Greer, 238 N.C. at 327, 77 S.E.2d at 919. With respect to juvenile adjudications in particular, this Court has held that "'[n]otice must be given in juvenile proceedings which would be deemed constitutionally adequate in a civil or criminal proceeding; that is, notice must be given the juvenile and his parents sufficiently in advance of scheduled court proceedings to afford them reasonable opportunity to prepare, and the notice must set forth the alleged misconduct with particularity.'" State v. Drummond, 81 N.C. App. 518, 520, 344 S.E.2d 328, 330 (1986) (quoting In re Burrus, 275 N.C. 517, 530, 169 S.E.2d 879, 887 (1969)). However, "[o]ur courts have recognized that while an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form." In re S.R.S., 180 N.C. App. at 154, 636 S.E.2d at 280.
"[I]t is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime."
Id. (quoting Sturdivant, 304 N.C. at 311, 283 S.E.2d at 731).
In his first assignment of error, K.J.H. contends the petition charging possession of a stolen motor vehicle was fatally defective because it failed to allege all of the essential elements of the offense. N.C.G.S. § 20-106 provides:
Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be punished as a Class H felon.
N.C. Gen. Stat. § 20-106 (2005). As this statute has been interpreted, the State "must provide substantial evidence for the [following] two [essential] elements of the charge against defendant[:] . . . [(1)] that defendant had possession of the stolen car[;] . . . [and (2)] that defendant knew or had reason to know the car was stolen." State v. Suitt, 94 N.C. App. 571, 573,380 S.E.2d 570, 571 (1989) (citing State v. Lofton, 66 N.C. App. 79, 83, 310 S.E.2d 633, 635-36 (1984)); see also State v. Bailey, 157 N.C. App. 80, 86, 577 S.E.2d 683, 688 (2003) (quoting State v. Craver, 70 N.C. App. 555, 559, 320 S.E.2d 431, 434 (1984)). Further, this Court has found that "[c]learly, the purpose of th[is] statute is to discourage the possession of stolen vehicles by one who knows it is stolen or has reason to believe that it is stolen." State v. Rook, 26 N.C. App. 33, 35, 215 S.E.2d 159, 161 (1975) (emphasis added).
In the present case, K.J.H. led police on a high-speed chase during the early morning hours of 3 October 2006. When K.J.H. was stopped, he gave a false name to the officers, but correctly identified himself as fourteen years old. The juvenile said he ran from police because he was driving his mother's car and did not want her to find out. After the officers contacted his mother, the juvenile was identified as K.J.H. and the officers learned that his mother did not own the vehicle he was driving. At this time, the officers believed the vehicle to be stolen, and soon determined that the owner of the vehicle was Preson Foster, Jr.
When swearing out the juvenile petition, the officer sufficiently alleged one of the essential elements of the chargepossession of a stolen or unlawfully taken vehiclewhen he swore: "THE DELINQUENT JUVENILE WAS IN POSSESSION OF A RECENTLY STOLEN FORD TAURUS OWNED BY PRESON FOSTER JR OF 2400-C S HOLDEN RD GREENSBORO, NC." While the officer had a factual basis upon which to allege the knowledge element of this offense, i.e., the juvenile initially gave a false name to the officers and misidentified the owner of the stolen car as his mother, the petition failed to state facts which sufficiently alleged the essential element of the charge requiring that defendant "knows or has reason to believe [the vehicle] has been stolen or unlawfully taken." N.C. Gen. Stat. § 20-106. Therefore, the petition does not sufficiently allege one of the essential elements of the offense and is fatally defective.
In his second assignment of error, K.J.H. contends the petition charging speeding to elude arrest was fatally defective because it failed to allege that K.J.H. fled a law enforcement officer who was engaged in the lawful performance of his duties. N.C.G.S. § 20-141.5 provides, in part:
(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.
(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.
(1) Speeding in excess of 15 miles per hour over the legal speed limit.
. . . .
(3) Reckless driving as proscribed by G.S. 20-140.
N.C. Gen. Stat. § 20-141.5(a), (b)(1), (b)(3) (2005). The essential elements of speeding to elude arrest under N.C.G.S.§ 20-141.5(b) include: (1) operation of a motor vehicle; (2) on a highway or public vehicular area; (3) while fleeing or attempting to elude a law enforcement officer who is lawfully performing his or her duties; and (4) while two or more of the enumerated factors in section 20-141.5(b) are present. See id.
However, this Court has found that "[u]nlike the offense of resisting an officer in the performance of his duties, the offense of fleeing to elude arrest is not dependent upon the specific duty the officer was performing at the time of the offense." State v. Teel, __ N.C. App. __, __, 637 S.E.2d 288, 290 (2006). "Therefore, the specific duty the officer was performing at the time of the offense is not an essential element of the offense of fleeing to elude arrest, as defined in [N.C.G.S.] § 20-141.5, and [is] not required to be set out in the indictment." Id.
In the present case, while en route to assist another officer at a traffic stop on 3 October 2006, the charging officer in this case heard the sound of skidding tires and saw the Ford Taurus driven by K.J.H. traveling directly toward his patrol car. The officer maneuvered his vehicle so as to avoid a collision with the Ford Taurus and started to pursue the vehicle. When the officer believed he brought the Ford Taurus to a stop, he opened his patrol car door to initiate a traffic stop. At this moment, the juvenile fled in the Ford Taurus and began a high-speed chase with police. During this chase, K.J.H. ran red lights in a public vehicular area and traveled in excess of 100 miles per hour in a 35 mile-per-hour zone. When swearing out the juvenile petition for speeding to elude arrest, the officer sufficiently alleged the essential elements of the charge when he swore: "THE DELINQUENT JUVENILE FELONIOUSLY SPEEDED [sic] TO ELUDE ARREST BY TRAVELING IN EXCESS OF 100 MPH IN A 35 MPH ZONE, CONSUMED AN IMPAIRING SUBSTANCE AND RECKLESS [sic] DROVE AS PROSCRIBED BY G.S. 20-140." While there was also a factual basis to support the allegation that the law enforcement officer was "in the lawful performance of his duties," the officer failed to allege those facts when swearing out the petition. See N.C. Gen. Stat. § 20-141.5(a). However, since this Court has found that this is not an essential element of the offense, the juvenile petition charging speeding to elude arrest was not fatally defective.
In summary, we hold the petition charging speeding to elude arrest was sufficient to apprise K.J.H. of the essential elements of the specific charge against him, thus enabling him to prepare an adequate defense. Therefore, the district court had jurisdiction to adjudicate this matter and this assignment of error is overruled. However, we hold that the petition charging possession of a stolen motor vehicle was fatally defective because it failed to allege the essential element that the juvenile knew or had reason to believe the vehicle was stolen or unlawfully taken. Thus, we must vacate the adjudication of delinquency of that offense and remand for a new disposition hearing.
Affirmed in part, vacated in part, and remanded.
Judges STROUD and ARROWOOD concur.
Report per Rule 30(e).