IN THE MATTER OF: D.S.

No. COA08-1078

(Filed 16 June 2009)

**1. Juveniles— delinquency—sexual battery—untimely filing of petition**

The trial court lacked subject matter jurisdiction in a juvenile delinquency case for a sexual battery adjudication based on the untimely filing of the petition in violation of N.C.G.S. § 7B-1703, and thus erred by denying the juvenile's motion to dismiss the sexual battery charge.

**2. Juveniles— delinquency—simple assault—variance between acts alleged in petition and evidence presented at hearing**

The trial court did not err in a juvenile delinquency case arising from a simple assault even though the juvenile contends there was a fatal variance between the acts alleged in the petition and the evidence presented at the hearing because: (1) it cannot be concluded that the juvenile was unable to prepare for his defense since the petition alleged the juvenile touched the victim with his hands and the evidence showed that he touched her with a Pixy Stix; and (2) the petition as a matter of law put the juvenile on notice of the offense for which he was alleged to have committed.

**3. Juveniles— delinquency—simple assault—touching**

The trial court did not err in a juvenile delinquency case arising out of a simple assault by its finding of fact in the adjudication order that the juvenile touched the victim on her buttocks because: (1) N.C.G.S. § 14-27.1 provides that "touching" is defined

**IN RE D.S.**

[197 N.C. App. 598 (2009)]

as physical contact with another person, whether accomplished directly through the clothing of the person committing the offense or through the clothing of the victim; and (2) the juvenile touched the victim with a Pixy Stix he was holding in his hand.

Appeal by Juvenile from judgment entered 16 April 2008 by Judge James G. Bell in Robeson County District Court. Heard in the Court of Appeals 10 March 2009.

*Attorney General Roy A. Cooper, by Assistant Attorney General Judith Tillman, for the State.*

*Peter Wood, for Juvenile.*

BEASLEY, Judge.

D.S.[1] (Juvenile) appeals the adjudication and disposition of Robeson County District Court which adjudicated him delinquent for committing sexual battery and simple assault. For the reasons stated below, we affirm the adjudication for simple assault and vacate the adjudication for sexual battery.

On 21 September 2007, Juvenile and A.A., both fifth grade students, were in the same classroom. During class, Juvenile approached A.A. while holding a straw-like candy, known as Pixy Stix, in his hands. Juvenile repeatedly touched A.A.'s bottom with the Pixy Stix and also stuck it between her legs. A.A. testified that in three instances, A.A. ordered that Juvenile cease touching her with the Pixy Stix. Juvenile ignored her. Two of Juvenile's classmates, D.A. and S.E., corroborated A.A.'s testimony.

Angela Hunt (Hunt), the teacher of the class where the incident occurred, testified that A.A. had not told her about the incident until the end of the school day. Hunt noticed that A.A. was crying, and after speaking with A.A., Hunt told her to talk with the principal of the school. Hunt testified that A.A. told her that Juvenile "was touching her butt."

S.E., a classmate of Juvenile and A.A., saw Juvenile walk to A.A.'s desk; "he had like some candy, Pixie Stick, and he was sticking it in her." D.A. was sitting next to A.A. when Juvenile approached A.A. with a Pixy Stix and saw Juvenile "playing with her . . . in her butt." D.A. heard A.A. tell Juvenile to stop, but Juvenile ignored A.A.'s demands.

---

1. To protect their privacy, all minors are referred to by initials in this opinion.

**IN RE D.S.**

[197 N.C. App. 598 (2009)]

At the adjudication hearing, the trial court found Juvenile to be delinquent as to both allegations of simple assault and sexual battery. At the dispositional hearing, the trial court accepted the court counselor's recommendation of probation for a period of up to twelve months. From these adjudication and disposition orders, Juvenile appeals.

## Subject Matter Jurisdiction

[1] Juvenile first argues that the trial court lacked subject matter jurisdiction because the sexual battery petition was not timely filed in violation of N.C. Gen. Stat. § 7B-1703. We agree and vacate the sexual battery adjudication.

"In reviewing a question of subject matter jurisdiction, our standard of review is *de novo.*" *In re K.A.D.*, 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007). "Although not raised in the trial court, this issue may be addressed for the first time on appeal." *In re J.B.*, 186 N.C. App. 301, 302, 650 S.E.2d 457, 457-58 (2007).

N.C. Gen. Stat. § 7B-1703 (2007) governs the time by which a juvenile petition must be filed after a juvenile court counselor's receipt of a complaint. This statute provides that:

(a) The juvenile court counselor shall complete evaluation of a complaint *within 15 days of receipt of the complaint,* with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.

Therefore, "the petition must be filed within, at a maximum, thirty days after the receipt of the complaint." *J.B.*, 186 N.C. App. at 303, 650 S.E.2d at 458.

It is undisputed that the court counselor received the first complaint on 25 September 2007 and filed the petition charging simple assault under N.C. Gen. Stat. § 14-33(a) on 10 October 2007. Accordingly, the first petition was timely since it was filed within 15 days of the court counselor's receipt. The court counselor received the second complaint on 15 November 2007 and filed the petition alleging sexual battery under N.C. Gen. Stat. § 14-27.5A on 16 November 2007. Because the actions complained of in each petition arose from the single incident that occurred on 21 September 2007, the second petition was filed beyond the 30 days allotted by the statute and therefore untimely.

**IN RE D.S.**

[197 N.C. App. 598 (2009)]

One of the purposes of the juvenile code is to "[t]o deter delinquency and crime . . . by providing *swift*, effective dispositions that emphasize the juvenile offender's accountability for the juvenile's actions." N.C. Gen. Stat. § 7B-1500(2) (2007) (emphasis added). The juvenile code also exists, "[t]o provide uniform procedures that assure fairness and equity; that protect the constitutional rights of juveniles, parents, and victims; and that encourage the court and others involved with juvenile offenders *to proceed with all possible speed in making and implementing determinations* required by this Subchapter." N.C. Gen. Stat. 7B-1500(4) (2007) (emphasis added).

In the case before us, the court counselor received all of the information regarding the allegations against Juvenile on 25 September 2007, but failed to act swiftly when he filed the second petition over 50 days later. Because it was untimely filed, the trial court did not have subject matter jurisdiction over the second petition alleging sexual battery. Therefore, the order adjudicating D.S. as a delinquent juvenile on the allegations of sexual battery must be vacated.

## Petitions and Evidence

**[2]** Juvenile argues that there was a fatal variance between the acts alleged in both the juvenile petitions and the evidence presented at the hearing. We do not reach Juvenile's argument regarding the petition alleging sexual battery as explained above, but instead, only address the petition alleging simple assault. Juvenile argues that the trial court erred because the simple assault petition alleged that Juvenile touched A.A. "on her butt, 2 times with his hands[,]" while the evidence only showed that Juvenile touched A.A. with a Pixy Stix. We disagree.

For a juvenile petition alleging delinquency to be valid, it:

> shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation.

N.C. Gen. Stat. § 7B-1802 (2007). A juvenile petition " 'serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity . . . .' " *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006) (quoting *In re Griffin*, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004)). The purpose of a

juvenile petition is to "clearly identify the crime being charged" and "should not be subjected to hyper technical scrutiny with respect to form." *Id.* at 153-54, 636 S.E.2d at 280.

"A variance occurs where the allegations in an indictment, although they may be sufficiently specific on their face, do not conform to the evidence actually established at trial." *State v. Norman*, 149 N.C. App. 588, 594, 562 S.E.2d 453, 457 (2002). This is based on an effort "to insure that [juvenile] is able to prepare his defense against the [allegation] with which he is charged, and to protect the [juvenile] from another prosecution for the same incident. In order for a variance to warrant reversal, the variance must be material." *Id.* "Not every variance between the allegations of the [petition] and the proof presented at trial is a material variance requiring dismissal." *State v. McCree*, 160 N.C. App. 19, 30, 584 S.E.2d 348, 356 (2003).

We cannot conclude that because the petition alleged Juvenile touched A.A. "with his hands" instead of touching her with a Pixy Stix, that Juvenile was unable to prepare for his defense. The simple assault petition as a matter of law put Juvenile on notice of the offense for which he was alleged to have committed. This assignment of error is overruled.

### Findings of Fact

**[3]** Juvenile's last argument is that the trial court erred when it made finding of fact 3(c) in the adjudication order without any supporting evidence presented at the hearing. We find that because there was competent evidence to support the adjudication of simple assault, the trial court's findings of fact related to the simple assault allegation are conclusive on appeal.

In the trial court's adjudication order, finding of fact 3(c) states the following:

> That on or about September 21, 2007 the Juvenile, D.S., did unlawfully and willfully assault A.A. touching her on her butt, two times with his hands; and that he did unlawfully and willfully for the purpose of sexual arousal or sexual gratification engage in sexual contact, by placing his hand on the buttocks of another person, A.A., by force and against the will of the other person, being offenses in violation of G.S. 14-33(a) and 14-27.5(a) respectively, and the court finds this beyond a reasonable doubt.

Juvenile argues that the trial court erred because there was no evidence that Juvenile touched A.A. with his hands.

**IN RE D.S.**

[197 N.C. App. 598 (2009)]

This Court has held that:

[w]hen an appellant asserts that an adjudication order of the trial court is unsupported by the evidence, this Court examines the evidence to determine whether there exists clear, cogent and convincing evidence to support the findings. If there is competent evidence, the findings of the trial court are binding on appeal. Such findings are moreover *conclusive on appeal* even though the evidence might support a finding to the contrary.

*In re McCabe*, 157 N.C. App. 673, 679, 580 S.E.2d 69, 73 (2003) (emphasis added). "Touching" is defined as "physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." N.C. Gen. Stat. § 14-27.1 (2007).

Touching can be accomplished indirectly as illustrated in the case before us. It is undisputed that Juvenile touched A.A. with a Pixy Stix he was holding in his hands, making Juvenile's argument unwarranted. Therefore, there was clear, cogent, and convincing evidence to support the findings of fact and conclusions of law by the trial court that Juvenile assaulted A.A.

For the foregoing reasons, we affirm the simple assault adjudication. However, we conclude that the trial court lacked subject matter jurisdiction for the sexual battery petition, that the trial court erred in denying the motion to dismiss the sexual battery allegation, and we vacate the adjudication and disposition orders for D.S. on the allegations of sexual battery.

Affirmed in part; Vacated in part.

Judges McGEE and GEER concur.