ARROWOOD, Judge, concurring in part and dissenting in part.
I concur in the majority's opinion that there was insufficient evidence to support juvenile's adjudication for resisting a public officer. However, I respectfully dissent from the majority's holding that there was insufficient evidence to support the adjudication for disorderly conduct.
At the outset, juvenile argues that his petition for disorderly conduct under N.C. Gen. Stat. § 14-288.4 was defective because it is not clear which subsection of the statute he was charged with violating. The majority did not address this argument because it held that juvenile prevailed on his second argument-that there was insufficient evidence of disorderly conduct. Because I disagree with this holding, I address the jurisdictional argument.
"[I]t is well established that fatal defects in an indictment or a juvenile petition are jurisdictional, and thus may be raised at any time." In re S.R.S. , 180 N.C. App. 151, 153, 636 S.E.2d 277, 279-80 (2006) (citations omitted). "When a petition is fatally deficient it ... fails to evoke the jurisdiction of the court." Id. at 153, 636 S.E.2d at 280 (citations and internal quotation marks omitted). A juvenile petition in a juvenile delinquency *386 action "serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged." Id. (citation and internal quotation marks omitted).
The petition at issue alleged juvenile violated N.C. Gen. Stat. § 14-288.4 when he "did intentionally cause a public disturbance at Clyde A. Erwin High School, Buncombe County NC, by engaging in violent conduct. This conduct consisted of throwing a chair toward another student in the school's cafeteria." Because this language closely tracks the statutory language of N.C. Gen. Stat. § 14-288.4(a)(1), "[d]isorderly conduct is a public disturbance intentionally caused by any person who ... [e]ngages in fighting or other violent conduct or in conduct creating the threat of imminent fighting or other violence[,]"
*330 and the petition lists the offense as N.C. Gen. Stat. § 14-288.4, I would hold that, based on the totality of the circumstances, the petition averred the charge with sufficient specificity that juvenile was clearly apprised of the conduct for which he was charged. See State v. Simpson , 235 N.C. App. 398, 402-403, 763 S.E.2d 1, 4-5 (2014) (holding an indictment was not fatally defective even though it did not list which subsection of a statute the defendant was charged with violating because it was clear from the indictment which subsection was charged). Therefore, the petition was not fatally defective, and the trial court had jurisdiction to enter the adjudication and disposition orders against juvenile.
Next, juvenile argues, and the majority opinion agrees, that the trial court erred by denying juvenile's motion to dismiss the charge of disorderly conduct for insufficiency of the evidence. I disagree.
"We review a trial court's denial of a [juvenile's] motion to dismiss de novo ." In re S.M.S. , 196 N.C. App. 170, 171, 675 S.E.2d 44, 45 (2009) (citation omitted). "Where the juvenile moves to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, ... and (2) of [juvenile's] being the perpetrator of such offense." In re Heil , 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (2001) (citation and internal quotation marks omitted) (alterations in original). "The evidence must be such that, when it is viewed in the light most favorable to the State, it is sufficient to raise more than a suspicion or possibility of the respondent's guilt." In re Walker , 83 N.C. App. 46, 48, 348 S.E.2d 823, 824 (1986) (citation omitted).
Here, the State's evidence tended to show that juvenile lifted a chair and threw it across the cafeteria at his brother and then fled the scene.
*387 Despite this evidence, juvenile argues that the State did not put forth sufficient evidence of disorderly conduct because it did not present substantial evidence (1) that he caused a public disturbance or (2) that he engaged in "fighting or other violent conduct or in conduct creating the threat of imminent fighting or other violence[,]" as required under N.C. Gen. Stat. § 14-288.4(a)(1). A public disturbance under N.C. Gen. Stat. § 14-288.4(a)(1) is:
Any annoying, disturbing, or alarming act or condition exceeding the bounds of social toleration normal for the time and place in question which occurs in a public place or which occurs in, affects persons in, or is likely to affect persons in a place to which the public or a substantial group has access. The places covered by this definition shall include, but not be limited to, highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, or any neighborhood.
N.C. Gen. Stat. § 14-288.1(8) (2017). The statute does not define "violent conduct." See N.C. Gen. Stat. § 14-288.1.
Here, the State's evidence that juvenile threw a chair at another student was substantial evidence of a public disturbance under the statute as an act that was alarming or exceeded the bounds of social toleration. However, "[i]n order to ascertain what actions are violative of the statute as constituting 'disorderly conduct,' one must look, not to the general definition of 'public disturbance,' but to the specific examples of prohibited conduct as set forth in the subsections of the statute itself." State v. Strickland , 27 N.C. App. 40, 43, 217 S.E.2d 758, 760, appeal dismissed, 288 N.C. 512, 219 S.E.2d 348 (1975). Therefore, at issue here is whether the State put forth substantial evidence that juvenile engaged in violent conduct. The majority agrees with juvenile that this evidence was not sufficient to show that juvenile engaged in violent conduct under N.C. Gen. Stat. § 14-288.4(a)(1). Therefore, the majority vacated the adjudication and disposition order as to this charge. I disagree.
I would hold that, viewing this evidence in the light most favorable to the State, the safety resource officer's testimony that juvenile threw a chair, which the juvenile admitted he was throwing at another student, his brother, provided substantial evidence of violent conduct, from which the trial court could reasonably determine that juvenile's act of throwing a chair at another student amounted to violent conduct. Accordingly, I would find no error in the trial court's denial of *331 juvenile's motion to dismiss the disorderly conduct charge.