State v. Strickland

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 6 January 1975 in Superior Court, WARREN County. Heard in the Court of Appeals 25 August 1975.

*Attorney General Edmisten, by William F. O'Connell, Assistant Attorney General, for the State.*

*Clayton & Ballance, by Theaoseus T. Clayton, for defendant appellant.*

---

STATE OF NORTH CAROLINA v. STANTON STRICKLAND, ANNIE RUTH STRICKLAND, DOUG McMILLAN, HATTIE MAE McMILLAN

No. 7516SC367

(Filed 17 September 1975)

1. **Disorderly Conduct § 1— refusal to vacate educational institution building — constitutionality of statute**

   G.S. 14-288.4(a)(4)a makes it clear that a violation of the statute occurs when a person intentionally refuses to vacate any building or facility of any public or private educational institution after having been ordered to do so by the chief administrative officer of the institution or his authorized representative, and the statute is not unconstitutionally vague.

2. **Disorderly Conduct § 1; Schools § 1— order to vacate educational institution building — power of official to make**

   The validity of G.S. 14-288.4(a)(4)a making it a misdemeanor to refuse to vacate an educational institution building after having been ordered to do so by the chief administrative officer of the institution or his representative does not depend upon the enactment by the Legislature of detailed guidelines for the guidance of the specified school officials in the exercise of their responsibility to control the use of the buildings and facilities under their care.

State v. Strickland

APPEAL by the State from *Godwin, Judge.* Order entered 3 April 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 2 September 1975.

Defendants were tried in the District Court of Robeson County on warrants charging a violation of G.S. 14-288.4(a) (4), in that said defendants "did unlawfully, wilfully, ~~and feloniously~~ refuse to vacate a building or facility of a public Educational Institution, to wit: the building occupied by the Robeson County Board of Education, a body politic, and used to carry on the administrative business of said Board of Education, in obedience to an order of S. C. Stell, the authorized representative of Young Allen, Supt. of Robeson County Board of Education and Chief Administrative Officer of the aforesaid Robeson County Board of Education." From the imposition of active prison sentences, defendants appealed to the Superior Court.

Upon call of these cases before the Superior Court defendants moved to quash the warrants on the grounds (1) "[t]hat the warrants failed to charge a crime, in that the warrants failed to allege a public disturbance intentionally caused by the defendants," and (2) "[t]hat the statute 14-288.4(a) (4) is unconstitutional in that the language contained therein is vague and overbroad." The motion to quash was allowed by the court upon the finding "that language used by the North Carolina General Assembly in defining a 'public disturbance,' as set forth in General Statute 14-288.1(8) is unconstitutionally vague."

From the order allowing defendants' motion to quash, the State of North Carolina appealed.

*Attorney General Edmisten by Associate Attorney Alan S. Hirsch for the State.*

*Moses & Diehl by Philip A. Diehl for defendant appellees.*

PARKER, Judge.

The State assigns as error the trial court's allowance of defendants' motion to quash the warrants upon the grounds that the statute under which they were charged is unconstitutionally vague. We find the statute constitutional and reverse the order allowing the motion to quash.

The statute involved in this case is G.S. 14-288.4, which in pertinent part reads:

> "(a) Disorderly conduct is a public disturbance intentionally caused by any person who:
>
> *    *    *    *    *
>
> "(4) Refuses to vacate any building or facility of any public or private educational institution in obedience to:
>
> > "a. An order of the Chief Administrative officer of the institution, or his authorized representative;
>
> *    *    *    *    *
>
> "(b) Any person who willfully engages in disorderly conduct is guilty of a misdemeanor. . . . "

"Public disturbance" is defined in pertinent part in G.S. 14-288.1(8) as: "Any annoying, disturbing, or alarming act or condition exceeding the bonds of social toleration normal for the time and place in question which occurs in a public place or which occurs in, affects persons in, or is likely to affect persons in a place to which the public or a substantial group has access."

[1] Defendants first contend that G.S. 14-288.4(a)(4)a, setting out certain elements of "disorderly conduct," is interdependent with G.S. 14-288.1(8), defining "public disturbance," and that when both provisions are read together, the average citizen is not given adequate notice of the conduct prohibited and therefore the statutes are void for vagueness. Assuming, but without deciding, that the language defining "public disturbance," in G.S. 14-288.1(8) is overbroad and vague, the question is presented whether G.S. 14-288.4(a)(4)a is thereby also rendered unconstitutionally vague. We hold that it is not.

> "It is settled law that a statute may be void for vagueness and uncertainty. 'A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' [Citations omitted.] Even so, impossible standards of statutory clarity are not required by the constitution. When the language of a statute provides an adequate warning as to the conduct it condemns and pre-

scribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met." *In re Burrus,* 275 N.C. 517, 531, 169 S.E. 2d 879, 888 (1969).

The statute, G.S. 14-288.4(a), initially defines "disorderly conduct" in general terms as "a public disturbance" and then sets forth in subsequent subsections specific examples of conduct which is prohibited as disorderly conduct. "It is a rule of construction, that when words of general import are used, and immediately following and relating to the same subject words of a particular or restricted import are found, the latter shall operate to limit and restrict the former." *Nance v. R. R.,* 149 N.C. 366, 371, 63 S.E. 116, 118 (1908) ; *accord, In re Steelman,* 219 N.C. 306, 13 S.E. 2d 544 (1941). In order to ascertain what actions are violative of the statute as constituting "disorderly conduct," one must look, not to the general definition of "public disturbance," but to the specific examples of prohibited conduct as set forth in the subsections of the statute itself. Such interpretation of this statute follows the admonition contained in the opinion of our Supreme Court in *Milk Commission v. Food Stores,* 270 N.C. 323, 331, 154 S.E. 2d 548, 555 (1967) that "[t]o construe the statute otherwise would raise a serious question as to its constitutionality and it is well settled that a statute will not be construed so as to raise such question if a different construction, which will avoid the question of constitutionality, is reasonable."

Again assuming *arguendo* that the defintion of "public disturbance" as contained in 14-288.1(8) is unconstitutionally vague, it does not necessarily follow that the inclusion of these words in G.S. 14-288.4(a)(4)a, renders the latter statute also unconstitutional. When a statute can be given effect as if the invalid portion had never been included, it will be given such effect if it is apparent that the legislative body, had it known of the invalidity of the one portion, would have enacted the remainder alone. *Commissioners v. Boring,* 175 N.C. 105, 95 S.E. 43 (1918). That such a deletion of any unconstitutional material in the statutes now before us was intended by the Legislature is made manifest in Sec. 3 of Chap. 668, 1971 Session Laws (enacted when G.S. 14-288.4 was rewritten in 1971) which provides that "[i]f any *word,* clause, sentence, paragraph, section, or other part of this act shall be adjudged by a court of competent jurisdiction to be invalid, such judgment shall not affect,

impair, or invalidate the remainder thereof." (Emphasis added.) If one totally ignores the words "public disturbance," reference to the succeeding specific subsections in G.S. 14-288.4(a) more than adequately gives notice as to what constitutes the "disorderly conduct" which the statute makes a misdemeanor. Even a casual reading of G.S. 14-288.4(a)(4)a, considered independently of G.S. 14-288.1(8), makes it clear as to exactly what specific disorderly conduct is prohibited by the statute; that is, a violation occurs when a person (1) intentionally refuses to vacate, (2) any building or facility, (3) of any public or private educational institution, (4) after having been ordered to do so by the chief administrative office of the institution or his authorized representative. The warrants in this case clearly and expressly charge that defendants engaged in exactly such conduct.

The above statutory construction is supported by the opinion of our Supreme Court in *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972). In that case, the Court, while ruling certain subsections of G.S. 14-288.4(a) as then enacted to be unconstitutionally vague, specifically upheld other subsections. The subsections which the Court sustained, like the subsection now before us, spelled out specific examples of "disorderly conduct" following the general phrase "public disturbance." Assuming the Supreme Court would find 14-288.1(8) to be unconstitutionally vague, its holding in *State v. Summrell, supra,* could not have been possible had the Court considered the definition in 14-288.1(8) to be an essential part of 14-288.4(a).

[2] Defendants additionally contend that even if the statute, G.S. 14-288.4(a), is not found to be vague and overbroad, it is nevertheless unconstitutional because no restraint is imposed upon the chief administrative officer of an educational institution or his authorized representative when exercising authority to order a person to vacate a building or facility of the institution. We find this contention without merit. The statute, G.S. 14-288.4(a)(4)a, comes into operation only when the order to vacate is given by a responsible school official, the chief administrative officer or his authorized representative. "Schools to be effective and fulfill the purposes for which they are intended must be operated in an orderly manner." *Coggins v. Board of Education,* 223 N.C. 763, 767, 28 S.E. 2d 527, 530 (1944). The legislative branch of the government may delegate "the power to make such rules and regulations as may be deemed necessary

or expedient, and when so delegated it is peculiarly within the province of the administrative officers of the local unit to determine what things are detrimental to the successful management, good order, and discipline of the schools in their charge and the rules required to produce those conditions." *Coggins v. Board of Education, supra.* We hold in this case that the validity of G.S. 14-288.4 (a) (4) a does not depend upon the enactment by the Legislature of detailed guidelines for the guidance of the specified school officials in the exercise of their responsibility to control the use of the buildings and facilities under their care.

The order allowing defendants' motion to quash is

Reversed.

Chief Judge BROCK and Judge ARNOLD concur.