IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-648

 Filed: 17 July 2018

Buncombe County, No. 16 JB 315

IN THE MATTER OF: T.T.E.

 Appeal by juvenile from adjudication and disposition entered 27 February 2017

by Judge Susan M. Dotson-Smith in District Court, Buncombe County. Heard in the

Court of Appeals 13 December 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Janelle E.
 Varley, for the State.

 Morgan & Carter PLLC, by Michelle F. Lynch, for juvenile-appellant.

 STROUD, Judge.

 Juvenile appeals adjudication and disposition orders for disorderly conduct

and resisting a public officer. Because there was insufficient evidence to support the

adjudication for either offense, we vacate the juvenile court’s adjudication and

disposition orders.

 I. Background

 On 8 November 2016, a JUVENILE PETITION (DELINQUENT) was filed

alleging juvenile had engaged in disorderly conduct and resisting a public officer. The
 IN RE: T.T.E.

 Opinion of the Court

State called two witnesses to testify. The primary witness was the school resource

officer, Mickey Ray. Officer Ray testified he saw the juvenile throw a chair in the

cafeteria. No one was hit with the chair and the officer testified “I didn’t see anybody,

you know, around that could have been hit by the chair.” After throwing the chair,

juvenile ran out of the cafeteria; the officer followed and without calling out to

juvenile, grabbed him from behind. Juvenile initially cursed when Officer Ray caught

him and then told him he was playing with his brother. The district court adjudicated

the juvenile as delinquent for disorderly conduct and resisting a public officer.

Juvenile appeals.

 II. Petition for Disorderly Conduct

 Juvenile first contends that his petition for disorderly conduct under North

Carolina General Statute § 14-288.4 was defective because it is not clear which

subsection of this statute he violated. The State contends it is “clear” it was

proceeding under North Carolina General Statute § 14-288.4(a)(1): “Because the

charging language so closely tracks the statutory language of § 14-288.4(a)(1), the

petition was sufficiently clear and provided the juvenile with adequate notice of the

charged offense and the conduct which was the subject of the allegation.” We need

not address juvenile’s argument regarding the petition because he will prevail on his

second argument regarding his motion to dismiss. But we also note that based upon

the State’s argument that only North Carolina General Statute § 14-288.4(a)(1)

 2
 IN RE: T.T.E.

 Opinion of the Court

applies, we will analyze the motion to dismiss for disorderly conduct under the

elements of that subsection only.

 III. Motion to Dismiss

 Juvenile argues the trial court erred in denying his motion to dismiss both of

the charges against him due to the insufficiency of the evidence.1 “Where the juvenile

moves to dismiss, the trial court must determine whether there is substantial

evidence (1) of each essential element of the offense charged, and (2) of juvenile’s

being the perpetrator of such offense.” In re Heil, 145 N.C. App. 24, 28, 550 S.E.2d

815, 819 (2001) (citation, quotation marks, ellipses, and brackets omitted).

 In reviewing a challenge to the sufficiency of
 evidence, it is not our duty to weigh the evidence, but to
 determine whether there was substantial evidence to
 support the adjudication, viewing the evidence in the light
 most favorable to the State, and giving it the benefit of all
 reasonable inferences.

Id. at 29, 550 S.E.2d at 819.

A. Disorderly Conduct

 Juvenile contends the trial court erred in denying his motion to dismiss due to

the insufficiency of the evidence. North Carolina General Statute § 14-288.4(a)(1)

provides that “[d]isorderly conduct is a public disturbance intentionally caused by

 1 The State contends juvenile did not preserve his argument to challenge the disorderly
conduct adjudication when his motion to dismiss was for “no evidence of a disruption caused by”
juvenile. We disagree because the sufficiency of the evidence was plainly raised in juvenile’s attorney’s
motion despite use of the word “disruption” instead of “disorderly conduct.”

 3
 IN RE: T.T.E.

 Opinion of the Court

any person who . . . [e]ngages in fighting or other violent conduct or in conduct

creating the threat of imminent fighting or other violence.” N.C. Gen. Stat. § 14-

288.4(a)(1) (2015). The State’s argument focuses on the general definition of a “public

disturbance” in North Carolina General Statute § 14-288.1:

 (8) Public disturbance.-- Any annoying, disturbing, or
 alarming act or condition exceeding the bounds of
 social toleration normal for the time and place in
 question which occurs in a public place or which
 occurs in, affects persons in, or is likely to affect
 persons in a place to which the public or a
 substantial group has access. The places covered by
 this definition shall include, but not be limited to,
 highways, transport facilities, schools, prisons,
 apartment houses, places of business or amusement,
 or any neighborhood.

N.C. Gen. Stat. § 14-288.1(8) (2015).

 The State does not cite any cases interpreting or discussing North Carolina

General Statute § 14-288.1(8) or -288.4(a)(1). Not surprisingly, the issue in several

of the cases addressing the specific subsections of North Carolina General Statute §

14-288.4 is whether the statute is unconstitutionally vague as many things could be

considered “annoying, disturbing, or alarming” by one person but not by another. See,

e.g., State v. Orange, 22 N.C. App. 220, 223, 206 S.E.2d 377, 379 (1974) (“Defendant

does contend that G.S. 14—288.4(a)(2) is unconstitutionally vague under the First

Amendment.”); State v. Clark, 22 N.C. App. 81, 87, 206 S.E.2d 252, 256 (1974)

(“Defendant also argues that section (a)(2) of G.S. 14—288.4, as amended in 1971, is

 4
 IN RE: T.T.E.

 Opinion of the Court

unconstitutionally vague and overbroad.”). But in State v. Strickland, 27 N.C. App.

40, 42-43, 217 S.E.2d 758, 759-60 (1975), this Court determined that although North

Carolina General Statute § 14-288.1(8) -- the definition of “public disturbance” -- may

be unconstitutionally vague standing alone, it must be read in conjunction with the

specific acts which constitute a “public disturbance” under North Carolina General

Statute § 14-288.4, and when considered together, the statute is not

unconstitutionally vague:

 The statute, G.S. 14—288.4(a), initially defines
 disorderly conduct in general terms as a public disturbance
 and then sets forth in subsequent subsections specific
 examples of conduct which is prohibited as disorderly
 conduct. It is a rule of construction, that when words of
 general import are used, and immediately following and
 relating to the same subject words of a particular or
 restricted import are found, the latter shall operate to limit
 and restrict the former. In order to ascertain what actions
 are violative of the statute as constituting disorderly
 conduct, one must look, not to the general definition of
 public disturbance, but to the specific examples of
 prohibited conduct as set forth in the subsections of the
 statute itself.

Id. at 43, 217 S.E.2d at 760 (emphasis added) (citations and quotation marks

omitted). In fact, the State focuses on the portion of the definition in North Carolina

General Statute § 14-288.1(8) which the Strickland Court “assum[ed] arguendo” was

“unconstitutionally vague” and ignores the part of the statute which renders it

constitutional, which is the additional detail regarding prohibited acts provided in

North Carolina General Statute § 14—288.4(a)(4). Id.

 5
 IN RE: T.T.E.

 Opinion of the Court

 Here, under North Carolina General Statute § 14-288.4(a)(1) the State must

present evidence that the juvenile engaged in:

1. “fighting or”

2. “other violent conduct or”

3. “conduct creating the threat of imminent fighting or other violence”

N.C. Gen. Stat. § 14-288.4(a)(1). There was no evidence that the juvenile was

“fighting” with anyone, so the only question before this Court is whether there was

evidence of “other violent conduct or . . . conduct creating the threat of imminent

fighting or other violence.” Id. The State argues based almost entirely on the

language of the general definition of “public disturbance” in North Carolina General

Statute § 14-288.1(8) that “throwing a chair at another student is arguably an

alarming act that exceeds the bounds of what is normally tolerated in a school

cafeteria.” The State contends the evidence shows “arguably violent conduct” because

if the juvenile had thrown the chair at another student and if it hit them, “it

presumably would have hurt them.”

 Although we view the evidence in the light most favorable to the State, see

Heil, 145 N.C. App. at 29, 550 S.E.2d at 819, we do not go so far as to come up with

hypothetical events that could have happened if juvenile actually did something in

addition to what the actual evidence shows. Since the State does not address the

elements of North Carolina General Statute § 14-288.4(a)(1) directly, it does not note

 6
 IN RE: T.T.E.

 Opinion of the Court

any evidence which shows “violent conduct” or “conduct creating the threat of

imminent fighting or other violence[,]” but that omission is likely because there is no

such evidence. N.C. Gen. Stat. § 14-288.4(a)(1). In fact, the officer was specifically

asked if he though juvenile “was playing, or did it seem like something that was a

little more violent?” to which he responded, “I couldn’t really tell[.]” The State simply

asks we infer too much from the evidence it presented.

 The evidence was not sufficient to show that the juvenile fought, engaged in

violent conduct, or created an imminent risk of fighting or other violence. See id.

Although there were other students in the cafeteria – a very large room – when the

juvenile threw a chair, no other person was nearby, nor did the chair hit a table or

another chair or anything else. Juvenile then ran out of the cafeteria. This is not

“violent conduct or . . . conduct creating the threat of imminent fighting or other

violence.” Id. No one was hurt or threatened during the event and juvenile did not

escalate the situation by yelling, throwing other things, raising fists, or other such

conduct that along with the throwing of the chair could be construed to indicate

escalating violent behavior. Throwing a single chair with no other person nearby and

without attempting to hit another person and without hitting even any other item in

the cafeteria is not disorderly conduct as defined by North Carolina General Statute

§ 14-288.4(a)(1). We vacate juvenile’s adjudication and disposition for disorderly

conduct.

 7
 IN RE: T.T.E.

 Opinion of the Court

B. Resisting a Public Officer

 Juvenile also contends there was insufficient evidence he resisted a public

officer. To adjudicate a juvenile for resisting a public officer there must be evidence:

 (1) that the victim was a public officer;
 (2) that the defendant knew or had reasonable
 grounds to believe that the victim was a public officer;
 (3) that the victim was discharging or attempting
 to discharge a duty of his office;
 (4) that the defendant resisted, delayed, or
 obstructed the victim in discharging or attempting to
 discharge a duty of his office; and
 (5) that the defendant acted willfully and
 unlawfully, that is intentionally and without justification
 or excuse.

State v. Dammons, 159 N.C. App. 284, 294, 583 S.E.2d 606, 612 (2001); see N.C. Gen.

Stat. § 14-223 (2015).

 There is no dispute that Officer Ray was a public officer discharging a duty of

his office. But the evidence does not support the remaining elements of North

Carolina General Statute § 14-223. See generally Dammons, 159 N.C. App. at 294,

583 S.E.2d at 612. Officer Ray testified he never told juvenile to stop before he

grabbed him by the shirt from behind. Officer Ray specifically testified that he “kind

of, snuck up on him” and then grabbed juvenile by his shirt. Officer Ray was cross-

examined on this point:

 Q. Deputy Ray, in your earlier testimony, you
 say that you snuck up on . . . [juvenile], correct?

 A. I was, kind of, being sleek about it.

 8
 IN RE: T.T.E.

 Opinion of the Court

 Q. And you did so, because you didn’t want him
 to not come with you, correct?

 A. Yes, ma’am.

 Q. So at any point before you decided -- before you
 grabbed him by the shirt, did you talk to him and explain
 to him why you were behind him?

 A. No, ma’am.

 Officer Ray never asked the juvenile to stop and intentionally snuck up on

juvenile; the uncontroverted evidence shows juvenile was suddenly grabbed without

any way of knowing who was grabbing him. Thus, the juvenile did not know or have

“reasonable grounds to believe that the victim was a public officer” until after Officer

Ray stopped him and he saw that it was a police officer who grabbed him, not another

student. Id.

 There is also no evidence that juvenile “resisted, delayed, or obstructed the

victim in discharging or attempting to discharge a duty of his office[.]” Id. After

juvenile saw that Officer Ray was the person who grabbed him, he did not hit, fight,

or physically engage with the officer. While the State focuses on the fact that the

juvenile yelled “no” and cursed when the officer grabbed him, his language does not

rise to the level of a violation of North Carolina General Statute § 14-223, particularly

as his statements appear to have been made when he was grabbed and before he

knew who was grabbing him from behind:

 9
 IN RE: T.T.E.

 Opinion of the Court

 Merely remonstrating with an officer in
 behalf of another, or criticizing an officer
 while he is performing his duty, does not
 amount to obstructing, hindering, or
 interfering with an officer;
 Vague, intemperate language used without
 apparent purpose is not sufficient.
 The Supreme Court of the United States has said that:
 Although force or threatened force is
 not always an indispensable ingredient of the
 offense of interfering with an officer in the
 discharge of his duties, mere remonstrances
 or even criticisms of an officer are not usually
 held to be the equivalent of unlawful
 interference.

State v. Allen, 14 N.C. App. 485, 491–92, 188 S.E.2d 568, 573 (1972) (citations,

quotation marks, ellipses, and brackets omitted).

 In addition, the evidence does not show that by saying “no” and cursing,

juvenile “acted willfully and unlawfully, that is intentionally and without

justification or excuse.” Dammons, 159 N.C. App. at 294, 583 S.E.2d at 612. Most

people would probably have some sort of similar reaction if grabbed from behind

without knowing who was grabbing them. The State’s other witness, Mr. Tate

McQueen – teacher and soccer coach at the school – testified that during the ordeal,

 there was a lot of adrenaline, and you know, after things
 settled down into the conference room, he was remarkably
 calm at that point. And he was very respectful in the
 conference room, once everything calmed down. I think in
 the moment with everybody watching him, and how that
 can play a role in the way young people behave, I think once
 he was calming down in that environment, it settled down.
 It was between the point of where I came around the corner

 10
 IN RE: T.T.E.

 Opinion of the Court

 and saw that part, it was probably, maybe a minute-and-a-
 half, maybe.

(Emphasis added.) Within less than two minutes after being “snuck up on” and

grabbed from behind, juvenile was “remarkably calm” and “very respectful[.]” Again,

even considering the evidence in the light most favorable to the State, see Heil, 145

N.C. App. at 29, 550 S.E.2d at 819, the facts do not indicate resisting an officer. We

vacate juvenile’s adjudication and disposition for resisting a public officer.

 IV. Conclusion

 Because the State did not present sufficient evidence of disorderly conduct and

resisting a public officer, we vacate the adjudication and disposition orders.

 VACATED.

 Judge ZACHARY concurs.

 Judge ARROWOOD concurs in part and dissents in part.

 11
 No. COA17-648 – In the Matter of: T.T.E.

 ARROWOOD, Judge, concurring in part and dissenting in part.

 I concur in the majority’s opinion that there was insufficient evidence to

support juvenile’s adjudication for resisting a public officer. However, I respectfully

dissent from the majority’s holding that there was insufficient evidence to support

the adjudication for disorderly conduct.

 At the outset, juvenile argues that his petition for disorderly conduct under

N.C. Gen. Stat. § 14-288.4 was defective because it is not clear which subsection of

the statute he was charged with violating. The majority did not address this

argument because it held that juvenile prevailed on his second argument – that there

was insufficient evidence of disorderly conduct. Because I disagree with this holding,

I address the jurisdictional argument.

 “[I]t is well established that fatal defects in an indictment or a juvenile petition

are jurisdictional, and thus may be raised at any time.” In re S.R.S., 180 N.C. App.

151, 153, 636 S.E.2d 277, 279-80 (2006) (citations omitted). “When a petition is fatally

deficient it . . . fails to evoke the jurisdiction of the court.” Id. at 153, 636 S.E.2d at

280 (citations and internal quotation marks omitted). A juvenile petition in a juvenile

delinquency action “serves essentially the same function as an indictment in a felony

prosecution and is subject to the same requirement that it aver every element of a

criminal offense, with sufficient specificity that the accused is clearly apprised of the

conduct for which he is being charged.” Id. (citation and internal quotation marks

omitted).
 IN RE: T.T.E.

 ARROWOOD, J., concurring in part and dissenting in part

 The petition at issue alleged juvenile violated N.C. Gen. Stat. § 14-288.4 when

he “did intentionally cause a public disturbance at Clyde A. Erwin High School,

Buncombe County NC, by engaging in violent conduct. This conduct consisted of

throwing a chair toward another student in the school’s cafeteria.” Because this

language closely tracks the statutory language of N.C. Gen. Stat. § 14-288.4(a)(1),

“[d]isorderly conduct is a public disturbance intentionally caused by any person who

. . . [e]ngages in fighting or other violent conduct or in conduct creating the threat of

imminent fighting or other violence[,]” and the petition lists the offense as N.C. Gen.

Stat. § 14-288.4, I would hold that, based on the totality of the circumstances, the

petition averred the charge with sufficient specificity that juvenile was clearly

apprised of the conduct for which he was charged. See State v. Simpson, 235 N.C.

App. 398, 402-403, 763 S.E.2d 1, 4-5 (2014) (holding an indictment was not fatally

defective even though it did not list which subsection of a statute the defendant was

charged with violating because it was clear from the indictment which subsection was

charged). Therefore, the petition was not fatally defective, and the trial court had

jurisdiction to enter the adjudication and disposition orders against juvenile.

 Next, juvenile argues, and the majority opinion agrees, that the trial court

erred by denying juvenile’s motion to dismiss the charge of disorderly conduct for

insufficiency of the evidence. I disagree.

 2
 IN RE: T.T.E.

 ARROWOOD, J., concurring in part and dissenting in part

 “We review a trial court’s denial of a [juvenile’s] motion to dismiss de novo.” In

re S.M.S., 196 N.C. App. 170, 171, 675 S.E.2d 44, 45 (2009) (citation omitted). “Where

the juvenile moves to dismiss, the trial court must determine whether there is

substantial evidence (1) of each essential element of the offense charged, . . . and (2)

of [juvenile’s] being the perpetrator of such offense.” In re Heil, 145 N.C. App. 24, 28,

550 S.E.2d 815, 819 (2001) (citation and internal quotation marks omitted)

(alterations in original). “The evidence must be such that, when it is viewed in the

light most favorable to the State, it is sufficient to raise more than a suspicion or

possibility of the respondent’s guilt.” In re Walker, 83 N.C. App. 46, 48, 348 S.E.2d

823, 824 (1986) (citation omitted).

 Here, the State’s evidence tended to show that juvenile lifted a chair and threw

it across the cafeteria at his brother and then fled the scene. Despite this evidence,

juvenile argues that the State did not put forth sufficient evidence of disorderly

conduct because it did not present substantial evidence (1) that he caused a public

disturbance or (2) that he engaged in “fighting or other violent conduct or in conduct

creating the threat of imminent fighting or other violence[,]” as required under N.C.

Gen. Stat. § 14-288.4(a)(1). A public disturbance under N.C. Gen. Stat. § 14-

288.4(a)(1) is:

 Any annoying, disturbing, or alarming act or condition
 exceeding the bounds of social toleration normal for the
 time and place in question which occurs in a public place
 or which occurs in, affects persons in, or is likely to affect

 3
 IN RE: T.T.E.

 ARROWOOD, J., concurring in part and dissenting in part

 persons in a place to which the public or a substantial
 group has access. The places covered by this definition
 shall include, but not be limited to, highways, transport
 facilities, schools, prisons, apartment houses, places of
 business or amusement, or any neighborhood.

N.C. Gen. Stat. § 14-288.1(8) (2017). The statute does not define “violent conduct.”

See N.C. Gen. Stat. § 14-288.1.

 Here, the State’s evidence that juvenile threw a chair at another student was

substantial evidence of a public disturbance under the statute as an act that was

alarming or exceeded the bounds of social toleration. However, “[i]n order to

ascertain what actions are violative of the statute as constituting ‘disorderly conduct,’

one must look, not to the general definition of ‘public disturbance,’ but to the specific

examples of prohibited conduct as set forth in the subsections of the statute itself.”

State v. Strickland, 27 N.C. App. 40, 43, 217 S.E.2d 758, 760, appeal dismissed, 288

N.C. 512, 219 S.E.2d 348 (1975). Therefore, at issue here is whether the State put

forth substantial evidence that juvenile engaged in violent conduct. The majority

agrees with juvenile that this evidence was not sufficient to show that juvenile

engaged in violent conduct under N.C. Gen. Stat. § 14-288.4(a)(1). Therefore, the

majority vacated the adjudication and disposition order as to this charge. I disagree.

 I would hold that, viewing this evidence in the light most favorable to the State,

the safety resource officer’s testimony that juvenile threw a chair, which the juvenile

admitted he was throwing at another student, his brother, provided substantial

 4
 IN RE: T.T.E.

 ARROWOOD, J., concurring in part and dissenting in part

evidence of violent conduct, from which the trial court could reasonably determine

that juvenile’s act of throwing a chair at another student amounted to violent conduct.

Accordingly, I would find no error in the trial court’s denial of juvenile’s motion to

dismiss the disorderly conduct charge.

 5