IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-163

 Filed: 6 August 2019

Jackson County, No. 18 JB 25

In the Matter of D.W.L.B.

 Appeal by Defendant from orders entered 11 May 2018 and 8 June 2018 by

Judge Richard Walker in Jackson County District Court. Heard in the Court of

Appeals 4 June 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Tiffany
 Lucas, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C.
 Katz, for the Defendant.

 DILLON, Judge.

 Defendant D.W.L.B. (“Dexter”),1 a juvenile, appeals from the trial court’s

orders adjudicating him delinquent and entering a Level 1 disposition. After careful

review, we vacate and remand for further proceedings, as explained in the Conclusion

section of this opinion.

 I. Background

 Dexter is an elementary school student in Sylva. On 11 April 2018, a janitor

at Dexter’s school cleaned certain graffiti from a stall in a boy’s bathroom. About ten

 1 We use a pseudonym for ease of reading and to protect the identity of the juvenile. N.C. R.
App. P. 42.
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

minutes later, while standing in a hallway, the janitor observed a student lean out of

that bathroom, look around, and then quickly dart back into the bathroom. The

janitor went inside the bathroom to investigate and found Dexter and another boy.

Dexter was standing next to the hand dryer by the sinks. Dexter left the bathroom

immediately. The janitor then discovered new graffiti, the words “BOMB

INCOMING” written in black magic marker on the wall above the hand dryer.

 The janitor reported the incident to the principal. Later that day, Dexter was

called to the principal’s office. Dexter was found to be carrying a black magic marker

in his pants pocket. The principal and two officers spoke with Dexter and his parents

and viewed surveillance footage of the hallway outside the bathroom.

 Based on this investigation, the officers filed a petition seeking a declaration

that Dexter was a delinquent juvenile, alleging that Dexter violated Section 14-277.5

of our General Statutes, a Class H felony, by making a false report concerning mass

violence on educational property. After a hearing on the matter, the trial court orally

found that Dexter had violated Section 14-277.5 and entered a written order

adjudicating Dexter delinquent, ordering a Level 1 disposition, and prescribing

twelve (12) months of probation.

 Defendant timely appealed.

 II. Analysis

 A. Sufficiency of the Petition

 -2-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 Dexter argues that the trial court lacked jurisdiction over him because the

delinquency petition did not sufficiently allege each element of the offense for which

he was charged. For the following reasons, we conclude that the petition failed to

allege the elements of a violation of Section 14-277.5. But we also conclude that the

petition did allege the elements of Section 14-127.1, a Class 1 misdemeanor

proscribing the vandalism of school property, and that therefore the trial court had

jurisdiction in this matter.

 We typically hold juvenile petitions to the same standards as adult criminal

indictments, In re Griffin, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004), and

therefore review the sufficiency of a petition de novo as a question of law, see State v.

White, ___ N.C. ___, ___, 827 S.E.2d 80, 82 (2019) (“The sufficiency of an indictment

is a question of law reviewed de novo.”).

 The petition in this case stated that Dexter:

 did make a report by writing a note on the boy’s bathroom
 wall at [his] Elementary School stating, “bomb incoming”;
 that being an act of violence is going to occur on educational
 property, that being [his] Elementary School, a public
 school in Jackson County; knowing and having reason to
 know that the report is false. GS 14-277.5

 Section 14-277.5 criminalizes the communication of any false report of mass

violence to occur on educational property, expressly stating that:

 A person who, by any means of communication to any
 person or groups of persons, makes a report, knowing or
 having reason to know the report is false, that an act of

 -3-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 mass violence is going to occur on educational property or
 at a curricular or extracurricular activity sponsored by a
 school, is guilty of a Class H felony.

N.C. Gen. Stat. § 14-277.5(b) (2018) (emphasis added).

 Dexter argues that the petition is defective because it fails to allege “an act of

mass violence.” We disagree.

 Certainly, a threat of “bomb incoming” could reasonably be construed as

something that could cause mass violence, potentially causing permanent physical

injury to two or more people. See N.C. Gen. Stat. § 14-277.5(a)(2) (defining “mass

violence”). Nonetheless, we conclude that the petition otherwise fails to allege a

violation of Section 14-277.5. Specifically, it fails to allege that Dexter was “ma[king]

a report” when he wrote the graffiti. We so conclude for two independent reasons.

 First, we so conclude because the petition does not allege that Dexter directed

his “bomb incoming” graffiti message to anyone in particular or that anyone in

particular actually saw it. Indeed, the essence of a Section 14-277.5 violation is not

so much uttering or writing a statement, but rather making a report of the statement

to someone else.2 By way of illustration, if Dexter had written the “BOMB

INCOMING” message and then immediately erased it, he would not be guilty of

 2 We note that the petition recites that Dexter did “make a report,” but then the petition
described exactly what he did. The mere fact that the petition states that he made a report does not
cure the fact that the allegation itself does not constitute a report. Certainly, a petition that alleged
that “Defendant made a report by dreaming about making a bomb threat to his principal” would be
determined to be defective, notwithstanding that it stated that a report was made.

 -4-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

making a report as described in Section 14-277.5. But the petition in this case, if held

valid, would serve to initiate criminal proceedings for such behavior all the same.

 Second, and alternatively, we so conclude because it would not be reasonable

for a person seeing the graffiti on the bathroom wall to construe said graffiti as a

report of a credible threat. Indeed, a visitor to the bathroom seeing the graffiti would

not know when the graffiti was written.

 We note that our research has not revealed any case law or General Assembly

official comment indicating what type of conduct constitutes the “mak[ing of] a report”

within the meaning of Section 14-277.5. We construe statutory language to proscribe

as a Class H felony under this Section only credible reports, that is, those that a

reasonable person would believe could represent a threat. Again, by way of

illustration, if a person calls in a threat that “Martians will be invading the school

with heat rays this afternoon,” no reasonable person would believe that she was in

danger of imminent death by Martian invasion. Such a phone threat might be a

crime, such as a Class 2 misdemeanor under Section 14-196(a), but we do not believe

that the General Assembly contemplated criminalizing such behavior as a Class H

felony. See N.C. Gen. Stat. § 14-196(a) (2018).

 In the same respect, we conclude that no one would reasonably believe that the

words “BOMB INCOMING,” written in a bathroom at some unknown time in the past

and obviously by an elementary-school-aged student, represented a report of an

 -5-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

actual threat that a bomb was incoming to the school. As explained below, such

behavior could constitute a crime, but not a Class H felony.

 We conclude, however, that the petition does properly assert that Dexter

committed the crime of “graffiti vandalism,” as codified in Section 14-127.1 of our

General Statutes. According to Section 14-127.1, anyone who “unlawfully write[s] or

scribble[s] on . . . the walls of [] any real property, whether public or private,” is guilty

of a Class 1 misdemeanor. N.C. Gen. Stat. § 14-127.1(a), (b) (2018). The language of

the petition sufficiently alleges that Dexter wrote graffiti on a wall of a public school.

See White, ___ N.C. at ___, 827 S.E.2d at 82 (stating the purpose of an indictment is

to put the defendant on reasonable notice of the crime being charged so that he or she

may prepare a defense against the acts that are alleged). And a petition which alleges

facts constituting a Class 1 misdemeanor confers the trial court with jurisdiction to

conduct a delinquency hearing, and, if it finds the allegations credible, to order a

Level 1 disposition, as the trial court did in this case. See N.C. Gen. Stat. § 7B-2508

(2018). Specifically, graffiti vandalism under Section 14-127.1, as a Class 1

misdemeanor, is a “minor” offense, for which a juvenile with a low delinquency history

must receive a Level 1 disposition. Id.

 B. Sufficiency of the Evidence

 Dexter also contends that the trial court erred by denying his motion to dismiss

for an insufficiency of the evidence.

 -6-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 In reviewing a motion to dismiss, this Court must determine “whether there is

substantial evidence (1) of each essential element of the offense charged, or of a lesser

offense included therein, and (2) of defendant's being the perpetrator of such offense.”

State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980); In re Heil, 145 N.C. App.

24, 28, 550 S.E.2d 815, 819 (2001) (citing Powell and applying this standard in a

juvenile case). We review a motion to dismiss de novo. Bridges v. Parrish, 366 N.C.

539, 541, 742 S.E.2d 794, 796 (2013).

 While we have concluded that the particular elements of Section 14-277.5 are

not appropriate in this case, Dexter argues that the evidence was insufficient because

it failed to show that he was the perpetrator of the offense alleged – something the

State must also prove with respect to a charge of graffiti vandalism. And we conclude

that the evidence was sufficient to show that Dexter was the individual who wrote on

the bathroom walls.

 The evidence before the trial court showed that approximately ten minutes

elapsed between when the janitor left the bathroom after cleaning graffiti and when

he returned to find the new graffiti scrawled above the dryer. During this time,

surveillance video showed a total of ten to twelve (12) students enter and leave the

bathroom. Dexter was the last individual to leave the restroom, and he did so quickly

after the janitor discovered him standing beside the dryer. When asked about the

marking, Dexter stated that he knew it was there and intended to report it, but failed

 -7-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

to do so and could not say why he decided not to report it. Finally, when asked to

empty his pockets, Dexter produced a black magic marker.

 This evidence, though circumstantial, allows a reasonable inference that

Dexter wrote the graffiti. See State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 919

(1993). Upon reviewing the evidence, it is not this Court’s place to weigh the evidence,

but only to determine if the evidence sufficiently supported the adjudication. State v.

Fritsch, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000). We hold that the evidence

was sufficient to show that Dexter wrote the graffiti on the bathroom wall.

 C. Written Findings

 Lastly, Dexter argues, and the State concedes, that both the trial court’s

adjudication order and its disposition order each failed to make the required written

findings of fact. We agree that the trial court so failed in two regards.

 First, the trial court failed to make required written findings that Dexter wrote

the graffiti. Though the adjudication order includes a blank space for facts proven

beyond a reasonable doubt, the trial court left this space blank and made no written

findings of fact at all. Section 7B-2411 of our General Statutes states that “[i]f the

court finds that the allegations in the petition have been proved [beyond a reasonable

doubt], the court shall so state in a written order of adjudication[.]” N.C. Gen. Stat.

§ 7B-2411 (2018). And our Court has consistently interpreted Section 7B-2411 to

require the trial court to state in writing, at a minimum, “that the allegations in the

 -8-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

petition have been proved beyond a reasonable doubt.” In re J.V.J., 209 N.C. App.

737, 740, 707 S.E.2d 636, 638 (2011); see also In re J.J., Jr., 216 N.C. App. 366, 372,

717 S.E.2d 59, 64 (2011) (vacating and remanding adjudication order where “the trial

court failed to use the space and made no written findings at all”).

 Second, the trial court failed to make written findings setting forth the factors

it considered in selecting an appropriate disposition. Section 7B-2501(c) sets out

enumerated factors that the trial court must consider in selecting an appropriate

disposition for an adjudicated juvenile. N.C. Gen. Stat. § 7B-2501(c) (2018). And

“[t]he dispositional order shall be in writing and shall contain appropriate findings of

fact and conclusions of law.” N.C. Gen. Stat. § 7B-2512(a) (2018). Our Court has also

consistently held “that the trial court is required to make findings demonstrating that

it considered the [Section 7B-2501(c)] factors in a dispositional order entered in a

juvenile delinquency matter.” In re V.M., 211 N.C. App. 389, 391-92, 712 S.E.2d 213,

215 (2011).

 Accordingly, we vacate both the adjudication order and disposition order and

remand to the trial court for entry of new orders including the required, written

findings of fact.

 III. Conclusion

 We conclude that the allegations in the petition in this case were not sufficient

to allege a violation of Section 14-277.5, a Class H felony, but that the allegations in

 -9-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

the petition were sufficient to allege a violation of Section 14-127.1, a Class 1

misdemeanor. Accordingly, we conclude that the petition was sufficient to confer

jurisdiction on the trial court.

 We conclude, however, that the trial court erred by failing to make written

findings concerning Dexter’s behavior as alleged in the petition or concerning the

factors it considered when ordering its disposition.

 We therefore vacate the trial court’s order and remand the matter for the entry

of a new order. The trial court may base its new order on the evidence offered at the

prior hearing; or the trial court may, in its discretion, take additional evidence. If the

trial court finds that Dexter wrote the graffiti in question, the trial court may enter

a disposition order based on a finding that Dexter violated Section 14-127.1, a Class

1 misdemeanor, but may not base any disposition on a finding that Dexter violated

Section 14-277.5, a Class H felony.

 VACATED AND REMANDED.

 Chief Judge MCGEE and Judge ZACHARY concur.

 - 10 -